UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cr-10-01 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ANGELO MITCHELL, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Angelo Mitchell requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 285). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first

determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.

Defendant's motion fails at the first step. Defendant did not receive any "status points" so the changes in § 4A1.1(e) of the Sentencing Guidelines do not provide any relief. Section 4C1.1 now authorizes sentence adjustments for "zero-point offenders." U.S.S.G. § 4C1.1. Subsection (a) provides that the defendant must meet all ten of the listed criteria. The first criteria provides that the defendant did not receive any criminal history points from Chapter Four, Part A. U.S.S.G. § 4C1.1(a)(1). The Final Presentence Report states that Defendant received one criminal history point each for three separate juvenile adjudications for a total of three criminal history points pursuant to U.S.S.G. § 4A1.2(d)(2)(B) (ECF No. 162). The United States Probation Office found Defendant ineligible for the sentence reduction because, in part, he received criminal history points (ECF No. 289). Defense Counsel filed a response acknowledging that Defendant did not meet the requirements for a sentence reduction under Amendment 821 (ECF No. 296).[1] The Court concludes that because the Defendant received criminal history points he is ineligible for a sentence reduction under Amendment 821.

---

[1] Before the Court appointed counsel, Defendant filed his own response to the report of the Probation Office (ECF No. 291). Defendant contends that juvenile convictions can no longer be used to calculate criminal history. Defendant is mistaken. Section 4A1.2(d)(2)(B) of the Sentencing Guidelines remains unchanged.

3

Accordingly, the Court **DENIES** Defendant Mitchell's motion for a sentence reduction (ECF No. 285).  **IT IS SO ORDERED.**

Date:    February 20, 2024                                            /s/  Paul L. Maloney
                                                                                              Paul L. Maloney
                                                                                              United States District Judge